MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
JESS M. RAVICH, and Nominal Defendant,
CHEROKEE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| John A. Olagues, Pro Se, a Shareholder of Cherokee Inc.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Jess M. Ravich, Director of Cherokee Inc. and Cherokee Inc.,<br><br>　　　　　　Defendant(s). | Case No. 2:17-cv-938 DMG (AGRx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:　　October 13, 2017<br>Time:　　9:30 AM<br>Ctrm:　　8C-8th Floor<br>Judge:　　Hon. Dolly M. Gee |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on October 13, 2017, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Dolly M. Gee, located at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, Defendants will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(6) and Civil Local Rules 83-2.2.2 and 83-2.2.4 to dismiss Plaintiff's Complaint.  (Dkt. 1.)

This Motion is based on this Notice, the following Memorandum of Points and Authorities, and such other argument and other materials as may be presented before the Motion is taken under submission by the Court.

This motion is made following the conference of defense counsel with Plaintiff, who is litigating *pro se*, pursuant to L.R.7-3.  That conference took place on July 13, 2017, and followed multiple other communications with Plaintiff about the claim asserted.

## I. INTRODUCTION

Under well-established law, a *pro se* litigant is not permitted to prosecute a representative claim. Plaintiff John Olagues, however, seeks to do just that. He brings this action *pro se*, purporting to sue in a representative capacity, derivatively on behalf of Cherokee, Inc. ("Cherokee). Because Mr. Olagues is not allowed to do that as a *pro se* litigant, this Court should dismiss his Complaint.

## II. BACKGROUND

Plaintiff John Olagues filed this action *pro se*. He asserts claims derivatively, purportedly on behalf of nominal defendant Cherokee pursuant to Section 16(b) of the Securities Exchange Act of 1934, to recover the stock transaction proceeds earned by Cherokee director, Jess. M. Ravich. (*See* Compl. ¶¶ 2, 7, 16.)

Mr. Olagues made a pre-suit demand on the Cherokee board of directors, which was refused. (*See* Compl. ¶¶ 16-17.)

Mr. Olagues has asserted nearly identical claims purportedly on behalf of other companies against their directors or officers in the last six months. In each, he asserts his baseless theory of Section 16(b) liability.[1] When companies do not pay him a "consulting fee" to abstain from filing suit, he commences litigation.

Mr. Olagues is a serial *pro se* litigant who has been declared a vexatious litigant and sanctioned on multiple occasions. *See, e.g.*, *Olagues v. Schmidt*, 1990 WL 25710, at *3 (9th Cir. Mar. 8, 1990); *Charles v. Keaton*, 1988 WL 57986, at *3 (9th Cir. May 25, 1998); *Olagues v. Marin Dist. Attorney*, No. 14-cv-00818-JSW,

---

[1] *See Olagues v. Berger*, No . 16-cv-11760-WGY (D. Mass. filed Aug. 29, 2016); *Olagues v. Elich*, No. 16-cv-05924-BHS (W.D. Wash. filed Nov. 2, 2016); *Olagues v. Lawler*, No. 16- cv-01391-R (W.D. Okla. filed Dec. 6, 2016); *Olagues v. Krimbill*, No. 16-cv-00748-GKF- PJC (N.D. Okla. filed Dec. 14, 2016); *Olagues v. Steinour*, No. l7-cv-00049-EAS (S.D. Ohio filed Jan. 17, 2017); *Olagues v. Frost*, No. 17-cv-20287-JEM (S.D. Fla. filed Jan. 23, 2017); *Olagues v. Tarr*, No. l7-cv-00279-PAB (D. Colo. filed Jan. 30, 2017); *Olagues v. Peribere*, No. l7-cv-00068 (W.D.N.C. filed Feb. 14, 2017); *Olagues v. Dennis*, No. 17-cv-153-GKF-TLW (N.D. Okla. filed March 23, 2017).

2014 WL 3704918, at *7 (N.D. Cal. July 23, 2014).

### III. LEGAL STANDARD

"A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Tech, Inc. v. High-Line Med. Instr. Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

### IV. ARGUMENT

Plaintiff's Complaint should be dismissed because he lacks the right, as a *pro se* litigant, to sue in a representative capacity.[2] The Ninth Circuit has made clear: "It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). As such, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id.* In *Simon*, the Ninth Circuit held that the plaintiff was "representing a person or entity other than himself, which he may not do." *Id.* The court accordingly affirmed dismissal of the plaintiff's complaint.

The prohibition against *pro se* litigants applies with full force where a suit is filed on behalf of a company in stockholder derivative litigation. *See Pinnavaia v. Moody-Stuart*, 2009 WL 4899218 (N.D. Cal. Dec. 11, 2009). In *Pinnavaia*, the court explained that the "substantive right to bring a shareholder's derivative suit is that of the corporation….Because a corporation may not appear in court except through an attorney, likewise a representative shareholder may not appear without an attorney." *Id.*

---

[2] Defendants reserve all other rights and defenses to this action. In the interests of efficiency and conservation of resources, Defendants have not incurred the burden and expense of presenting alternative grounds for dismissal at this juncture.

1    These authorities apply with equal force here.  Mr. Olagues brings this action
2    "Pro Se," as the caption of his Complaint makes clear.  The Complaint is signed by
3    Mr. Olagues, not an attorney.  Mr. Olagues seeks "an order to obtain a recovery for
4    the firm, Cherokee, Inc.," which would be the beneficiary of any disgorgement by
5    Mr. Ravich.  (Compl. ¶ 16; *see also id.* ¶ 7 (seeking disgorgement to recover profits
6    "on behalf of Cherokee, Inc.").  Plaintiff's own allegations thus make clear that he
7    is suing *pro se* in a representative capacity.  Controlling law amplifies the
8    dispositive point:  Section 16(b) is only "enforceable by individual shareholders
9    through derivative suits on behalf of their company." *Roth v. Reyes*, 567 F.3d
10   1077, 1082 (9th Cir. 2009).

11   Indeed, Mr. Olagues has been well aware of this rule.  A substantially similar
12   complaint was recently dismissed on this ground. *See* Order Granting Defendants'
13   Motion to Strike, *Olagues v. Dennis*, No. 17-cv-153-GKF-TLW (N.D. Okla. June
14   6, 2017) ("plaintiff cannot proceed pro se" to bring suit "in the name and [o]n
15   behalf of [a securities] issuer" to disgorge "short-swing" profits improperly
16   obtained by corporate insiders").  This rule was also cited to him in an Order to
17   Show Cause issued by the Southern District of New York in a Section 16(b) case
18   like this one that he attempted to bring *pro se* against the CEO of JPMorgan. *See*
19   Order to Show Cause, *Olagues v. Dimon*, No. 14-CV-4872 (S.D.N.Y. Aug. 28,
20   2014) ("[T]he right to proceed pro se does not permit an individual who is not
21   licensed as an attorney to appear on behalf of another person or group of people.").

22   Civil Local Rule 83-2.2.2 prohibits entities to be represented by *pro se*
23   litigants.  The penalty for violation of that rule is dismissal, as set forth in Civil
24   Local Rule 83-2.2.4.  Other *pro se* complaints have been dismissed on this ground.
25   *See, e.g.*, *Equity Trust Co. v. Brickhaven Condo. Assoc.*, 2016 WL 8856651, at *5-6
26   (C.D. Cal. Apr. 25, 2016) (holding that *pro se* plaintiff could not bring claim on
27   behalf of entity and dismissing action in light of Plaintiff's violation of Local Rule
28   83-2).  Accordingly, Mr. Olague's violation of Local Rule 83-2 provides an

additional basis for dismissal of the Complaint.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint. Dismissal with prejudice and judgment should be entered in the event that Plaintiff does not cure the defect specified within 45 days following entry of an order granting the motion to dismiss.

Dated: July 20, 2017

MORRISON & FOERSTER LLP

By: /s/ *Mark R.S. Foster*
     Mark R.S. Foster

Attorneys for Defendant
JESS M. RAVICH, and Nominal
Defendant, CHEROKEE INC.

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on July 20, 2017, I served a copy of:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMSS**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

> John Olagues
> 413 Sauve Road
> River Ridge, LA 70123
> olagues@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 20th day of July, 2017.

| Linda B. Roiz | /s/ Linda Roiz |
|---|---|
| (typed) | (signature) |