MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
JESS M. RAVICH, and Nominal Defendant,
CHEROKEE INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| John A. Olagues, Pro Se, a Shareholder of Cherokee Inc., <br><br> Plaintiff, <br><br> v. <br><br> Jess M. Ravich, Director of Cherokee Inc., and Cherokee Inc., <br><br> Defendant(s). | Case No. 2:17-cv-938 DMG (AGRx) <br><br> **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> Date: October 13, 2017 <br> Time: 9:30 a.m. <br> Ctrm: 8C-8th Floor <br> Judge: Hon. Dolly M. Gee |

## I. INTRODUCTION

Plaintiff's untimely[1] Opposition does not overcome the fatal defect specified in the Motion to Dismiss: Plaintiff's inability to bring a representative action *pro se* on behalf of nominal defendant Cherokee Inc. The Opposition does not dispute that Plaintiff seeks to sue on behalf of Cherokee, or that Plaintiff is suing as a *pro se* litigant. Under black-letter law ignored by the Opposition, Plaintiff is therefore foreclosed from litigating this representative action *pro se*. The Complaint should be dismissed on this ground.

## II. ARGUMENT

According to clear Ninth Circuit law that the Opposition ignores, a *pro se* litigant lacks the right to sue in a representative capacity. (Mot. at 2:10 (discussing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.")).)[2]

The Opposition does not dispute that he is suing in a representative capacity. Indeed, his Opposition makes clear again that Plaintiff is "seeking recovery for Cherokee from Director Ravich." (Opp. at 3:10-11.) This, of course, echoes the allegations of his Complaint. Plaintiff allegedly seeks "an order to obtain a recovery for the firm, Cherokee, Inc.," which would be the beneficiary of any disgorgement by Mr. Ravich. (Mot. at 3 (citing Compl. ¶ 16; *see also id.* ¶ 7

---

[1] Plaintiff's Opposition was due to be filed on August 21, 2017. (*See* ECF No. 7.) Plaintiff, however, did not file his Opposition until August 29, 2017. (ECF No. 11.) Plaintiff did not offer any excuse or good cause for his late-filed Opposition. This unexcused and untimely filing is reason enough to ignore his arguments. It also underscores why it makes no sense to have a *pro se* litigant purporting to represent the company's interests here.

[2] All references to "Mot." are to the Motion to Dismiss filed on July 20, 2017. (ECF No. 9.)

(seeking disgorgement to recover profits "on behalf of Cherokee, Inc.").) Plaintiff's own authorities also confirm that a suit under Section 16(b) is a representative suit and that "recovery flows to the corporation." ARNOLD S. JACOBS, SECTION 16 OF THE SECURITIES EXCHANGE ACT (2017 ed.) § 3.1 at p. 336 (cited in Opp. Ex. 3, ECF No. 11, page 29 of 44); *see also id.* § 3.35 at p. 592 (Opp. Ex. 3, ECF page 31 of 44).

Unable to dispute that this is a representative action, the Opposition next argues about what type of representative action it is—whether it is a derivative action or not. (Opp. at 3.) First, it does not matter, because this is undeniably a representative action that a *pro se* litigant cannot bring without an attorney. Second, Plaintiff is wrong to resist the conclusion that this is a derivative action in any event. The Ninth Circuit has clearly held that Section 16(b) is only "enforceable by individual shareholders *through derivative suits on behalf of their company*." *Roth v. Reyes*, 567 F.3d 1077, 1082 (9th Cir. 2009) (emphasis added).

The Opposition ignores the controlling statement in *Roth* in preference for the statement in the JACOBS treatise that a "Section 16(b) suit is not a derivative action," though a "Section 16(b) case and a derivative action have much in common," including the fact that "the corporation is the claimant[.]" JACOBS § 3.35 at pp. 591-92 (attached to Opp. Ex. 3, ECF No. 11, pages 30-31 of 44). The Ninth Circuit's ruling, however, controls here. Plus, the *Roth* ruling is in accord with multiple circuit courts that concur in holding that Section 16(b) cases are derivative. *See id.* § 3:35 & n.1 at pp. 591 (citing multiple circuit level decisions on this point). The Opposition also ignores the on-point decision in *Pinnavaia v. Moody-Stuart*, 2009 WL 4899218 (N.D. Cal. Dec. 11, 2009), which reaches the same conclusion. (*See* Mot. at 2.)

The Opposition entirely ignores Civil Local Rule 83-2.2.2, which prohibits entities from being represented by *pro se* litigants, and ignores cases that have been dismissed on that ground. (Mot. at 3:22 (citing *Equity Trust Co. v. Brickhaven*

*Condo. Assoc.*, 2016 WL 8856651, at *5-6 (C.D. Cal. Apr. 25, 2016).)

Finally, Plaintiff unsuccessfully tries to downplay on-point rulings that are directly adverse to him. (*See* Opp. at 4:14-24.) In *Olagues v. Dimon*, No. 14-CV-4872 (S.D.N.Y. Aug. 28, 2014), the court held that Plaintiff could not proceed as a *pro se* litigant in a Section 16(b) action. The Opposition says, "Plaintiff Olagues was allowed to proceed pro se." (Opp. at 4:17-19.) That is demonstrably false. Plaintiff retained an attorney after the court issued its order to show cause. *See Olagues v. Dimon*, No. 14-CV-4872, ECF No. 17 (S.D.N.Y. Sept. 24, 2014). Similarly, in *Olagues v. Dennis*, No. 17-cv-153-GKF-TLW (N.D. Okla. June 6, 2017), the court held that Plaintiff "cannot proceed pro se" to bring suit "in the name and [o]n behalf of [a securities] issuer" to disgorge 'short-swing' profits improperly obtained by corporate insiders." Plaintiff ultimately retained an attorney there, too. (Opp. at 4:24.) These rulings underscore not just that the law is clear in precluding *pro se* litigants from pursuing representative claims, but also that Plaintiff filed his Complaint while he was well aware of the dispositive rule and the consequences of its violation.[3]

## III.  CONCLUSION

For the foregoing reasons and those set forth in the Motion, this Court should dismiss the Complaint.

Dated:   September 11, 2017

MORRISON & FOERSTER LLP

By:   /s/ *Mark R.S. Foster*
           Mark R.S. Foster

Attorneys for Defendant
JESS M. RAVICH, and Nominal
Defendant, CHEROKEE INC.

---

[3] That Plaintiff's ability to proceed *pro se* in representative suits was not challenged in other cases, including one filed by Plaintiff over ten years ago (e.g., Opp. at 4:8), has no relevance here where that ability is being clearly challenged.

3

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on September 11, 2017, I served a copy of:

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

> John Olagues
> 413 Sauve Road
> River Ridge, LA 70123
> olagues@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 11th day of September, 2017.

| Linda B. Roiz | /s/ Linda Roiz |
|---|---|
| (typed) | (signature) |