UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-938-DMG (AGRx)** | Date | January 5, 2018 |
| Title | *John A. Olagues v. Jess M. Ravich, et al.* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [9]**

      On February 6, 2017, *pro se* Plaintiff John A. Olagues filed a Complaint against Defendants Jess M. Ravich (*i.e.*, a director of Cherokee Inc.) and Cherokee Inc., alleging a claim under Section 16(b) of the Securities Exchange Act of 1934. [Doc. # 1]. On July 20, 2017, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rules 83-2.2.2 and 83-2.2.4 on the ground that Plaintiff could not litigate this action *pro se*. [Doc. # 9.] The motion has since been fully briefed.[1] [Doc. ## 11, 12.] Having duly considered the parties' written submissions, the Court renders its decision.

      Generally, a *pro se* litigant may not "pursu[e] claims on behalf of others in a representative capacity." *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Consequently, "in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Id.* (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)).

      Here, Plaintiff brings an action under Section 16(b) for the purpose of recovering certain "short-swing insider trader profits" that Defendant Ravich made from the sale of Cherokee Inc.'s securities. *See* Compl. at ¶¶ 2, 10–12. The real party in interest on Plaintiff's claim is Cherokee Inc. *See Roth v. Reyes*, 567 F.3d 1077, 1082–83 (9th Cir. 2009) ("[Section] 16(b) [is] enforceable by individual shareholders through derivative suits on behalf of their company . . . ."). The Local Rules of the Central District of California do not permit the real party in interest, i.e., Cherokee Inc., to proceed in an action when it is not represented by an attorney who is admitted to practice before this Court. *See* C.D. Cal. L.R. 83-2.2.2; C.D. Cal. L. R. 83-2.2.4.

---

[1] On September 15, 2017, Plaintiff filed a Request for Judicial Notice ("RJN"). [Doc. # 14]. Because the two items subject to the RJN (*i.e.*, an envelope Plaintiff mailed to the Court Clerk and a printout of the Court's website) are irrelevant to Defendants' motion to dismiss, the RJN is **DENIED** as moot.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 17-938-DMG (AGRx)** | Date | January 5, 2018 |
|---|---|---|---|
| Title | *John A. Olagues v. Jess M. Ravich, et al.* | Page | 2 of 2 |

Consequently, Plaintiff may not litigate this action *pro se* on behalf of Cherokee Inc. Accordingly, the Court **GRANTS** Defendants' motion and dismisses this action without prejudice.

**IT IS SO ORDERED.**