MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
JESS M. RAVICH and Nominal Defendant,
CHEROKEE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| John A. Olagues, Pro Se, a Shareholder of Cherokee Inc., <br><br>Plaintiff, <br><br>v. <br><br>Jess M. Ravich, Director of Cherokee Inc., and Cherokee Inc., <br><br>Defendant(s). | Case No. 2:17-cv-938 DMG (AGRx) <br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF** |

This Court should deny Plaintiff's Motion for Relief (the "Motion") [Doc. 17].[1] The Motion lacks merit and is procedurally defective.

This Court's January 5, 2018 dismissal order [Doc. 16] (the "Order") correctly held that a *pro se* litigant may not bring a representative action and that an action under Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act") is a representative action that Plaintiff could not pursue *pro se*. [Order at 1.] Plaintiff's Motion does not challenge these holdings or cite any authority that is contrary. For this reason alone, the Motion should be denied.

The Motion is also procedurally defective. Plaintiff's Motion is a disguised motion for reconsideration. Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Plaintiff does not satisfy any of the three conditions for reconsideration.[2]

---

[1] All references to "Doc.___" are to the documents filed in this action. All page citations to those documents are to the ECF-generated page numbers in the upper-right corner of each.

[2] Plaintiff's Motion fares no better under Fed. R. Civ. P. 60(b)(1), which allows relief under a judgment in limited enumerated situations: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

1  This is fatal.  Worse still, Plaintiff just rehashes points that he has previously made
2  in violation of Local Rule 7-18.  *See Bryant v. Mattel, Inc.*, No. C 04-09049 SGL
3  RNBX, 2007 WL 5416683, at *4 (C.D. Cal. July 20, 2007) (denying relief where
4  motion repeated arguments).

5  Plaintiff first argues that he has standing to bring this claim *pro se* because
6  this is a "private right of action." [Doc. 17 at 1.]  It is undisputed that a suit to
7  recover short-swing profits is a "private right of action" (as contrasted with an
8  enforcement action brought by the SEC).  The issue in this case is different:
9  whether a Plaintiff can bring that private action *pro se*.  As this Court correctly
10 held, he cannot. [Order at 1.]

11 Plaintiff next argues that his private right of action is not a derivative action.
12 [Doc. 17 at 4-5.]  In support, he cites excerpts of ARNOLD S. JACOBS, SECTION 16 OF
13 THE SECURITIES EXCHANGE ACT § 3.1.  [*Id.* at 4-6 & 15- 23]  This is the *exact same*
14 *authority* that he unsuccessfully cited in opposition to Defendants' motion to
15 dismiss.  [*Compare id. with* Doc. 11 at 30-31.]  Defendants have already
16 demonstrated that Plaintiff's reliance on JACOBS is misplaced.  [*See* Doc. 12 at 2.]

17 As Defendants previously demonstrated, the Ninth Circuit has clearly held
18 that Section 16(b) is only "enforceable by individual shareholders *through*
19 *derivative suits on behalf of their company*." [Order at 1 (quoting *Roth v. Reyes*,
20 567 F.3d 1077, 1082-83).]  This Court properly relied on that controlling decision
21 in *Roth* when dismissing Plaintiff's action.  [*Id.*]  The *Roth* decision on this point is
22 also in accord with many other circuit decisions, as JACOBS acknowledges.  JACOBS
23 § 3:34 n.1 (reproduced in Doc. 17 at 17) (citing multiple circuit opinions referring
24 to Section 16(b) suits as derivative).

25 Moreover, Plaintiff does not dispute and still cannot overcome that all
26
27 longer equitable; or (6) any other reason that justifies relief.  Plaintiff's Motion does
   not mention, let alone establish, any of these grounds for relief.
28

1  Section 16(b) suits are representative actions on behalf of corporations, regardless
2  of whether they are labeled as derivative.  Even Plaintiff, relying on JACOBS,
3  concedes that "the recovery flows to the corporation." [Doc. 17 at 3:21 (quoting
4  JACOBS §3:31).]  This, of course, echoes Plaintiff's own allegations seeking
5  recovery "on behalf of Cherokee, Inc." [Compl. ¶¶ 7, 16.]  This Court, relying on
6  clear Ninth Circuit authority and the Local Rules, prohibit *pro se* plaintiffs from
7  bringing claims on behalf of others in a representative capacity. [Order at 1 (citing
8  *Simon v. Hartford Life, Inc.*, 546 F.3d. at 661, 664 (9th Cir. 2008)).]  Plaintiff again
9  ignores this controlling authority that forecloses his *pro se* litigation here.
10      At bottom, Plaintiff's Motion is an improper regurgitation of already-rejected
11  arguments.  If Plaintiff were a *pro se* Plaintiff for the first time, this might be
12  forgivable.  But Plaintiff is a serial, vexatious litigant, as declared by other courts.
13  [*See* Doc. 12 at 1-2 & n.1.]  Indeed, in the face of similar rulings precluding him
14  from bringing Section 16(b) actions *pro se*, he has unsuccessfully sought
15  reconsideration without merit multiple times, making substantially identical
16  arguments as he makes here. [*Compare* Doc. 17 *with*, *e.g.*, Doc. 11 at 8 and Doc.
17  11 at 16.]  Plaintiff's rehashing of decided issues wastes the resources of
18  Defendants and this Court.
19      This Court should bear Plaintiff's improper tactics in mind before entering
20  judgment in connection with the mandatory Rule 11 sanctions review required by
21  Section 21D of the Exchange Act, including its presumption in favor of awarding
22  attorneys' fees and costs. *See* 15 U.S.C. § 78u-4(c)(1)-(3).

3

Dated: February 9, 2018

MORRISON & FOERSTER LLP

By: /s/ *Mark R.S. Foster*
 Mark R.S. Foster

Attorneys for Defendant
JESS M. RAVICH, and Nominal
Defendant, CHEROKEE INC.

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on February 9, 2018 I served a copy of:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF**

[x] **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

[x] **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

> John Olagues
> 413 Sauve Road
> River Ridge, LA 70123
> olagues@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 9th day of February, 2018.

| Linda B. Roiz | /s/ Linda Roiz |
|---|---|
| (typed) | (signature) |