UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 6 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

John A. Olagues, Pro Se
A shareholder of Cherokee Inc.

       Plaintiffs

Versus

Jess M. Ravich, Director of Cherokee Inc.
And Cherokee Inc.

       Defendants

Private Right of Action
Under Section 16 b of the
Securities Act of 1934
CIVIL ACTION  CV 17-938- DMG

**Reply to Defendant's Opposition to Plaintiff's Motion and  to
Defendant's Response to Plaintiff's Motion under FRCP 60 (b).**

On page 2, in lines 6 and 7 of the Defendant's Opposition to Plaintiff's Motion, the
Defendant's attorney states " **It is undisputed that a suit to recover
short-swing profits is a private right of action**".

This statement is correct and is affirmed by the SEC, and the foremost expert on
Section 16 (b), Arnold Jacobs, and other Courts of Appeals and District Courts.

However,  Arnold Jacobs said the following in his  SECTION 16 OF THE
SECURITIES ACT (2017 ED.) 3.1 AT P. 336  and at  at 3.35 at page 592:

**"While this cause of action has some attributes of a derivative suit
(for instance, a security holder can sue and the recovery flows to the
corporation), the cause of action is not derivative at all: rather , it is
one possessing an independent statutory origin.**

1

**Therefore , procedural restrictions on derivative suits do not burden Section 16 (b) actions. We treat later a number of procedural issues relating to the private right of action such as capacity and standing to sue".**

The defendant's attorney is surely aware of the 2 paragraphs above as he quoted from one of the paragraphs on line 3 of page 3 the five words " **the recovery flows to the corporation".** However, he fails to mention that the words from Jacobs below: "**the cause of action is not derivative at all: rather , it is one possessing an independent statutory origin",** immediately follow the five words quoted by the attorney.

In *Dottenheim v. Murchison,* 227 F.2d 737, 738 (5th Cir. 1955). The Court stated

"**[Section 16(b)] creates a new cause of action, which, while similar in some respects to a secondary or derivative right, is not such a right at all."**

It can not be denied that the 5th Circuit is stating that Section 16(b) does not create a derivative right.

In *Blau v. Oppenheim,* 250 F.Supp. 881, (S.D.N.Y.1966) , the court stated:

"**Preliminarily it should be emphasized that strictly speaking a section 16(b) suit to recover short-swing profits is not derivative, although some of the cases so describe it,"**

In the case **Schaffer Ex Rel. Lasersight Incorporated v. Cc Investments, Ldc, 286 F. Supp. 2d 279 (S.D.N.Y. 2003),** the court declared

"**However, although some courts use the term "derivative" to describe § 16(b) lawsuits, under the pure application of the concept, a § 16(b) action is not a derivative action in the way that a typical shareholder derivative action is."**

2

**And finally Arnold Jacobs states that:**

**" Some opinions refer to a Section 16 (b) lawsuit as a derivative action. But every thoughtful case addressing the issue concludes that a section 16 (b) suit is not a derivative action".**

--------------------------------------------------

A quote from Section 16 of the Securities Exchange Act of 1934: Treatise and Reporting Guide. By Romeo and Dye. is below:

**"the enforcement mechanism for violations of section 16(b), an express private right of action even for those with an after-acquired interest, is unique under the federal securities laws."**

In summary, we have the SEC, and various district Courts and appellate Courts and Arnold Jacobs and the attorney for the defendant here stating clearly that a suit under 16 (b) of the 1934 Act is a Private Right of Action.

Jacobs and the several court decisions declare that a Section 16 (b) suit is a Private Right of Action not a derivative action.

Yet the attorney for defendants claim that the suit is a "representative action" See line 4 page 1.

**Two questions arise.**

Is it possible for a Private Right of Action which is not a derivative suit to be a "representative action"?

And
Is it possible for this Private Right of Action here, Olagues v. Ravich to be a "representative action".

The answer depends on whether a Private Right of Action can ever be a "representative action".

3

All of the research that I have done indicates that a Private Right of Action (such as the Private Right of Action to enforce Section 16 (b) of the 1934 Act) is never a representative right, especially when the Private Right of Action is not a derivative action.

### In conclusion

**In this Private Right of Action , Olagues v. Ravich, which is conceded to be a Private Right of Action by defendant's attorneys,  Olagues is allowed to file suit as Pro Se, since this suit is not a derivative action or a representative action.**

**The suit is merely an enforcement of Section 16 (b), where the violator is required to pay the profits to the issuer.**

Respectfully Submitted.

February 13, 2018

*John Olagues*

John Olagues

4

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013. All rights reserved.

PRESS FIRMLY TO SEAL



U.S. POSTAGE
PAID
NEW ORLEANS, LA
70123
FEB 14, 18
**AMOUNT**
**$6.70**
R2305H127334-16

1006

90012

**PRIORITY**
**★ MAIL ★**

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

Truth in Options

John Olagues
413 Sauve Rd.
River Ridge, LA 70123
U.S.A.

**TO:**

Clerk of Court
US District Court - Central Dist. of California
Western Division
First Street Federal Courthouse
350 W. 1st Street
Los Angeles CA. 90012

DMG



RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 16 2018
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

**UNITED STATES**
**POSTAL SERVICE**®

ly 2013
x 9.5

Expected Delivery Day: 02/16/2018

USPS TRACKING NUMBER

9505 5141 6737 8045 1690 82