NITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-938-DMG (AGRx)** | Date | February 21, 2018 |
|---|---|---|---|
| Title | *John A. Olagues v. Jess M. Ravich, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(B)(1) [17]**

On January 5, 2018, the Court dismissed this case without prejudice on the ground that Plaintiff John A. Olagues may not maintain this action as a *pro se* litigant. [Doc. # 16.] On January 29, 2018, Plaintiff filed a "Motion for Relief [U]nder FRCP 60(b)(1)[,]" asserting that the Court should reopen this case because Plaintiff's cause of action is not a derivative or representative claim. [Doc. # 17.] The motion has since been fully briefed. [Doc. ## 20, 21.] For the reasons discussed in this Order, the Court **DENIES** Plaintiff's motion.

As the Court explained in its prior Order, "in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *See* Order Granting Defs.' Mot. to Dismiss at 1 (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)) [Doc. # 16].[1] The Court further explained that because "[Section] 16(b) [of the Securities Exchange Act of 1934] [is] enforceable by individual shareholders through derivative suits on behalf of their company," the real party in interest is Cherokee, Inc. (*i.e.*, the issuer of the securities in question). *See id.* (quoting *Roth v. Reyes*, 567 F.3d 1077, 1082–83 (9th Cir. 2009)). Consequently, Ninth Circuit case law and the Local Rules of this District bar Plaintiff from prosecuting this action. *Id.* (citing, *inter alia*, C.D. Cal. L.R. 83-2.2.2 (providing that organizations must be represented by attorneys who are permitted to practice before this Court)).

Plaintiff nonetheless insists that Section 16(b) does not create a derivative cause of action. *See* Pl.'s Mot. at 1–7. Even if the aforementioned passage from *Roth* was not binding circuit precedent, Plaintiff's argument would still fail. The Securities and Exchange Commission Release Plaintiff quotes in his briefing confirms that "Section 16(b) provides the issuer (or shareholders *suing on behalf of the issuer*) a private right of action . . . ." *Id.* at 2 (emphasis

---

[1] All page references herein are to page numbers inserted by the CM/ECF filing system.

NITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-938-DMG (AGRx)** | Date | February 21, 2018 |
| Title | *John A. Olagues v. Jess M. Ravich, et al.* | Page | 2 of 2 |

added and deleted) (quoting Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 70 Fed. Reg. 46080, 46081 (Aug. 9, 2005)). Moreover, the treatise Plaintiff attached to his motion also states that "a Section 16(b) claim belongs to the issuer, *not its stockholders*." Pl.'s Mot., Ex. D at 19 (emphasis added) (1 Section 16 of the Securities Exchange Act at § 3:35 (2017)). As a *pro se* litigant may not prosecute a lawsuit on behalf of a corporation, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**